IN THE UNITED STATES DISTRICT COURT
OR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| BRYAN L. COUNTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:03-CV-0723-P |
| | § | |
| JOHN E. POTTER, Postmaster General, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant's Motion for Summary Judgment, filed February 7, 2005.[1] After a thorough review of the pleadings, the briefing, the summary judgment evidence, and the applicable law, the Court GRANTS Defendant's Motion for Summary Judgment.

### I.   Background

Plaintiff Bryan L. Counts ("Counts") began working for the United States Postal Service (the "USPS") in August 1997. (Def.'s App. at 9-10.) While working for the USPS in Dallas, TX, Counts initiated several Equal Employment Opportunity ("EEO") complaints. (Def.'s App. at 17-18, 157.) In 1999, Counts withdrew these complaints so that he could be transferred to a location closer to his family. (Def.'s App. at 33-35.) Following this withdrawal, he was transferred to a post office in Marshall, TX. (Def.'s App. at 45, 445.)

During Counts' employment at the Marshall, TX location, the USPS issued him several "Notices of Removal." (*See* Def.'s App. at 47, 280, 65, 291-292.) Most of these Notices were resolved before Counts was actually removed from his employment. (*See* Def.'s App. at 50, 281,

---

[1] Plaintiff filed his Response on March 4, 2005, and Defendant filed his Reply on March 18, 2005.

Page -1-

69, 293.)

A Notice of Removal issued on June 21, 2001 informed Counts that he would be terminated because of his poor attendance and violation of a prior "Last Chance Agreement" to maintain satisfactory attendance. (Def.'s App. at 77-79, 298-300.) After receiving this Notice of Removal, Counts filed a grievance. (Def.'s App. at 98.) Consequently, on August 7, 2001, representatives of Counts' union and USPS management met and entered into a settlement agreement, resolving the issues surrounding the June 21, 2001 Notice of Removal. (Def.'s App. at 101, 315.) The settlement reduced the discipline Counts received to paid suspension and extended the probation-like period of the Last Chance Agreement. (Def.'s App. at 315.) The settlement also directed Counts to return to work. (Def.'s App. at 102, 315.) Counts did, in fact, return to work after June 21, 2001. (Def.'s App. at 102-04.)

The USPS issued Counts another Notice of Removal on September 18, 2001. (Def.'s App. at 104-05, 316-21.) This Notice of Removal informed Counts that he would be terminated for making unauthorized long distance phone calls on customer's phones. (Def.'s App. at 316-19.) Ultimately, Counts was terminated on March 21, 2002 after an arbitrator found him guilty of the charges contained in the September 18, 2001 Notice of Removal. (Def.'s App. at 328, 330-33.)

On April 9, 2003, Counts filed suit against Postmaster General John E. Potter (the "Postmaster General") for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) ("Title VII"). Counts' Complaint alleged two causes of action. In an Order issued March 29, 2004, the Court dismissed Counts' first cause of action for failure to state a claim. In Counts' second cause of action, he alleges that the June 21, 2001 Notice of Removal was issued in

retaliation for his prior EEO activity. (Compl. at 4.) The Postmaster General now moves for summary judgment.

## II.     Procedural Objections

Counts objects to the Postmaster General's Motion, claiming that it violates the local rules of the Court, specifically Local Rule 56.3, subsections (a)(1) and (b). (Pl.'s Br. in Opp'n at 1-2.) Local Rule 56.3(a)(1) requires that the first page of a motion for summary judgment contain a concise statement under the heading "summary," which identifies the elements of each claim or defense on which the moving party seeks summary judgment. L.R. 56.3(a)(1). Local Rule 56.3(b) requires that the moving party state in its motion that each of the matters required by Local Rule 56.3(a) will be set forth in the party's brief. L.R. 56.3(b). Based on the Postmaster General's alleged failure to comply with these rules, Counts requests that the Court deny the Postmaster General's Motion. (Pl.'s Br. in Opp'n at 1-2.) However, to the extent the Postmaster General has failed to comply with these rules, Counts has not demonstrated, and the Court does not find, any prejudice from such failure. Therefore, Counts' request for denial of the Motion on this basis is DENIED.

## III.    Summary Judgment Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an

absence. *Id.* However, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless he provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment. *Id.* at 248-50; *Abbot v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993). In other words, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise matter in which the evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Moreover, when the non-movant fails to provide a response identifying the disputed issues of fact, the Court is entitled to accept the movant's description of the undisputed facts as prima facie evidence of its entitlement to judgment. *Eversly v. MBank Dallas*, 843 F.2d 172, 173-174 (5th Cir. 1988). The Court has no duty to search the record for triable issues. *Ragas*, 136 F.3d at 458.

**IV.     Discussion**

Page -4-

To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) he engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003).

The Postmaster General does not dispute that Counts engaged in protected activity. The Postmaster General does argue, however, that Counts cannot identify an adverse employment action or demonstrate a causal nexus between the protected activity and the disciplinary action taken. (Def.'s Mem. in Supp. of Mot. Summ. J. at 14.)

Counts complains that he was issued the June 21, 2001 Notice of Removal and ultimately terminated pursuant to that Notice as a result of his prior EEO complaints. (Pl.'s Compl. at 4; Pl.'s Br. in Opp'n at 5, 10-11.) Counts identifies his termination as the adverse employment action taken against him. (Pl.'s Br. in Opp'n at 10.)

The Postmaster General contends that Counts was not terminated pursuant to the June 21, 2001 Notice of Removal, and thus, no adverse employment action occurred in conjunction with that Notice. (Def.'s Mem. in Supp. of Mot. Summ. J. at 12-13.) The Postmaster General points out that in accordance with the August 7, 2001 settlement agreement, Counts' employment with the USPS continued after June 21, 2001. (Def.'s App. at 102-04, 315.) The Postmaster General also presents evidence that Counts' termination resulted from a Notice of Removal that was issued September 18, 2001. (Def.'s App. at 330-33.)

Counts acknowledges the fact that he continued working for the USPS after June 21, 2001 (Def.'s App. at 102-04) as well as the fact that he received a Notice of Removal on September 18, 2001. (Def.'s App. at 104-05.) Nevertheless, he argues that "Defendant's actions in June of 2001

**Page -5-**

resulted in Counts' [sic] final removal in September of 2001." (Pl.'s Br. in Opp'n at 5.) Under the section heading entitled "Plaintiff has established that he was terminated as a result of the June 21 Notice of Removal," Counts asserts that "[t]he record herein clearly presents a genuine issue of fact that should go to a jury . . ." (Pl.'s Br. in Opp'n at 10-11.) However, these conclusory assertions are not competent summary judgment evidence. *See Ragas,* 136 F.3d at 458.

Although Counts purports to "identify specific evidence in the record" supporting these assertions by generally listing evidence in support of ten different disputed facts (*see* Pl.'s Br. in Opp'n at 5-8), this presentation fails to "articulate the precise matter in which the evidence supports" his claim. *See Ragas,* 136 F.3d at 458. Nonetheless, the Court searched through every one of Counts' citations to the record in an effort to find evidence supporting his claim that the termination resulted from the June 21, 2001 Notice of Removal.

Only two pieces of evidence even arguably support this claim. First, Counts presents evidence that in issuing the September 18, 2001 Notice of Removal, Counts' supervisor listed the June 21, 2001 Notice of Removal as part of Counts' past record. (Pl.'s App. at 49.) Second, Counts cites the decision from the arbitration of his September 18, 2001 Notice of Removal, which generally states that Counts prior record demonstrates his "lack of truthfulness" and "weighs against him in a consideration of mitigation." (Pl.'s App. at 61.) However, the Court finds the connection between the consideration of Counts past record as relevant to the *September 18, 2001 Notice of Removal* and Counts' termination too attenuated to support Counts' claims that he was terminated pursuant to the June 21, 2001 Notice of Removal.

Because Counts is unable to demonstrate through competent evidence that an adverse employment action attended the June 21, 2001 Notice of Removal, he cannot establish a prima

**Page -6-**

facie case of retaliation. Accordingly, the Postmaster General's Motion for Summary Judgment must be GRANTED.

## V.     Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Signed this 20th day of April 2005.

*Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE